**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-4016

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

ALLEN MARSHELL MCCALL, JR.,

              Defendant - Appellant.

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.   Frank D. Whitney,
District Judge.   (3:05-cr-00104-FDW-CH-10)

Submitted:  May 8, 2009                 Decided:  June 9, 2009

Before NIEMEYER, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Richard A. Culler, CULLER LAW FIRM, Charlotte, North Carolina,
for Appellant.   Amy Elizabeth Ray, Assistant United States
Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a lengthy jury trial, Allen Marshell McCall, Jr., was convicted of conspiracy to possess with intent to distribute and to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846 (2006). McCall was sentenced to the statutory mandatory minimum of 240 months. See 21 U.S.C.A. § 841(b)(1)(A) (West 1999 & Supp. 2008) (prescribing twenty-year minimum for cases involving five grams or more of crack and a prior felony drug conviction). Finding no error, we affirm.

Counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he asserts there are no meritorious issues for appeal. McCall was notified of his right to file a pro se supplemental brief, but he did not do so. The Government elected not to file a responsive brief.

In accordance with Anders, we have thoroughly reviewed the entire record in this case and have found no meritorious issues for appeal. The overwhelming evidence presented at trial established that McCall was involved in "'a loosely-knit association of members linked . . . by their mutual interest in sustaining the overall enterprise of catering to the ultimate demands of a particular drug consumption market'" — Mecklenburg County. United States v. Burgos, 94 F.3d 849, 858 (4th Cir. 1996) (en banc) (quoting United States v. Banks, 10 F.3d 1044, 1054 (4th Cir. 1993)).

2

Moreover, the district court followed the necessary procedural steps in sentencing McCall, appropriately treating the Guidelines as advisory, properly calculating and considering the applicable Guidelines range, and referencing 18 U.S.C. § 3553(a) (2006). See Gall v. United States, 128 S. Ct. 586, 596 (2007). McCall's 240-month sentence, which is the Guidelines range and the statutory mandatory minimum, may be presumed reasonable by this court. See United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). Thus, the district court did not abuse its discretion in imposing the chosen sentence. See Gall, 128 S. Ct. at 591 (stating appellate review of sentence, "whether inside, just outside, or significantly outside the Guidelines range," is for abuse of discretion).

Accordingly, we affirm the judgment of the district court. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED